IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 4:04-CR-54(2) |
| | : | |
| v. | : | Judge Jones |
| | : | |
| WILLIAM E. MORRIS | : | |
| Defendant. | : | |

## MEMORANDUM AND ORDER

November 18, 2005

### THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On December 22, 2004, the Defendant, William Eugene Morris ("Defendant" or "Morris"), pled guilty to Count One of the Superseding Indictment, filed June 24, 2004, charging him with a violation of 21 U.S.C. § 846, knowing and intentional possession with the intent to distribute and distribution of controlled substances, to wit: in excess of 50 grams of cocaine base, also known as crack, cocaine and marijuana.

Pending before the Court is Defendant's sole remaining objection to the Presentence Report ("PSR").[1]  Defendant objects to the eight (8) criminal history

---

[1] At a hearing held on September 20, 2005, Defendant's other objections to the PSR were disposed of.

1

points assigned to him based on his prior juvenile convictions.  Defendant argues

that under <u>Roper v. Simmons,</u> 543 US. _____ (2005), juvenile convictions should

not be counted for criminal history purposes.

In <u>Roper</u>, the Supreme Court held that it is unconstitutional to execute a

person for a crime committed while the person was under age eighteen.  The

Supreme Court reasoned that juveniles do not have a fully developed moral

compass, and therefore imposition of the death penalty for juvenile offenses is

improper.  Defendant argues that the same rationale that led the Supreme Court to

"invalidate the imposition of the death penalty for offenses committed by

individuals less than eighteen years of age has equal validity in determining the

appropriate sentence to be imposed for adult criminal conduct."  (Rec. Doc. 182 at

3).  Defendant argues that an extension of the <u>Roper</u> rationale to his objection to

the PSR is "logical," despite the evident lack of case law to support this position.

We decline the invitation by Defendant to make new law today by adopting

his novel, if unavailing, argument.  The introductory commentary to Chapter Four

of the Sentencing Guidelines, concerning Criminal History and Criminal

Livelihood, notes that consideration of prior criminal behavior during sentencing

calculation protects the public from further crimes of the particular defendant.

Morris has four juvenile adjudications between ages 15 and 17, and committed the

instant offense at age 18.  Three of the juvenile adjudications were for drug offenses, one including delivery of drugs.  Morris was sentenced to confinement for the drug delivery offense, and committed the instant offense while on probation for another juvenile adjudication.  Morris' criminal history indicates a pattern of repeat offenses, largely involving drugs.  Morris' record demonstrates a clear risk of future criminal behavior and a need to protect the public from his behavior. Although, to be sure, Morris' criminal behavior can be partially attributed to his lack of parental guidance and general juvenile immaturity, we cannot turn a blind eye to his developed criminal history when calculating his sentence for the instant offense.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.  Defendant's objection to the criminal history points assigned to him in the PSR is OVERRULED.

2.  Defendant's sentencing will be held on December 2, 2006 at 2:00 p.m. in Courtroom #2, Williamsport, PA.

S/ John E. Jones III
John E. Jones III
United States District Judge